Michael Machat, Esq.
MACHAT & ASSOCIATES, P.C.
1875 Century Park East, Suite 700
Los Angeles, California 90067
Telephone: (310) 860-1833
Telefax: (310) 860-1837
Email: info@machatlaw.com

Attorneys for Plaintiff
Talent Mobile Development, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TALENT MOBILE DEVELOPMENT, INC, <br><br> Plaintiff, <br><br> vs. <br><br> HEADIOS GROUP, OBEID S. GEORGES, BASSAM ISTANBULI, and WALEED SHAKER, <br><br> Defendants. | CASE NO. <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT; UNFAIR COMPETITION and CYBERSQUATTING** <br><br> **DEMAND FOR JURY TRIAL** |

For its Complaint, Plaintiff TALENT MOBILE DEVELOPMENT, INC. hereby alleges and asserts as follows:

## I.  JURISDICTION AND VENUE

1. Plaintiff brings this action for injunctive relief and damages arising out of the unauthorized, unfair, and deceptive competitive practices of Defendants, and each of them, in connection with the commercial use and exploitation of trademarks in violation of the Lanham Act.

2. This action arises under the Trademark Laws of the United States, including particularly, Section 43 of the Lanham Act, 15 U.S.C. §1125. Jurisdiction is conferred on this Court by 15 U.S.C. Section 1121(a), by 28 U.S.C. Section 1338(a), in that this case arises under the Trademark Laws of the United States, 15 U.S.C. Sections 1051, *et seq.*,. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(2) and 1391(c)(3) by virtue of the fact that a substantial part of the events or omissions giving rise to the claim occurred within this District and that at least one of the defendants is not resident in the United States.

## II.   THE PARTIES

3. Plaintiff Talent Mobile Development, Inc. ("TALENT MOBILE") is a California Corporation with its main business office located in San Bernardino County, California.

4. Defendant HEADIOS GROUP (HEADIOS) is, upon information and belief, a California Corporation, headquartered in Orange County, California and upon information and belief is doing business as, 3AKARAT.NET, SUB TRADE GLOBAL OFF SHORE, LYNADS, REEL SOFTWARE, and LYNADS.

5. Defendant Obeid S. Georges is upon information and belief a resident of Lebanon and the person who controls HEADIOS and the other defendants.

6. Defendant Bassam Istanbuli is upon and belief a resident of Orange County, using the same address as HEADIOS GROUP, and a key person who controls HEADIOS and the other defendants.

7. Defendant Waleed Shaker is upon information and belief a non-US Resident that receives and has been receiving communications from Plaintiff via the Apple Store with which he maintains a developer account.

8. Upon information and belief, Plaintiff avers that each of the aforementioned individual named defendants are alter-egos of and or agents of the other aforementioned defendants and each of their acts and omissions have been

done and committed with the acquiescence and permission of the other defendants for their mutual benefit so that an act or omission of one of these defendants should be attributed as an act or omission of the other aforementioned defendants as well. These aforementioned defendants are referred to herein as the HEADIOS defendants. Plaintiff further surmises that some of the individual named defendants may indeed be the same person; ie, Georges may be Waleed Shaker.

### III.   FACTS GIVING RISE TO THIS ACTION

9.   Plaintiff TALENT MOBILE DEVELOPMENT, INC. creates, develops, markets and sells computer software including one called REAL CALLER which is a mobile application designed for use as global phone directory to search for names and numbers.

10.   Plaintiff has two US Trademark Registrations for its REAL CALLER app – 4613102 and 4671180.  The first is a logo mark and the other a word mark.

11.   Plaintiff TALENT MOBILE currently sells its REAL CALLER app on the apple online store.  Prior to that Plaintiff sold its REAL CALLER app for Blackberry and other devices.

12.   Subsequent to TALENT MOBILE's creation and first sales of its REAL CALLER app, the HEADIOS defendants attempted to copy plaintiff's ideas and began marketing and selling an app that they marketed as capable of doing the same things that Plaintiff's REAL CALLER app does.  Unfortunately, the HEADIOS defendants copied more than just the idea of Plaintiff's app; they copied the name too, and called their app REAL CALLER.  They sold their counterfeit app to an undetermined amount of consumers in the Apple App store, the Google Play store, and the Microsoft store, depriving Plaintiff of those sales.

13.   Even worse, the HEADIOS defendants' counterfeit app did not work as well as Plaintiff's genuine REAL CALLER, and consumers complained to

3

Plaintiff about the bugs and defects in defendants' counterfeit app.

14. After Plaintiff found out about the counterfeiting, Plaintiff complained to Apple and Google requesting that they take action and remove the counterfeiters app.

15. Defendant Obeid S. Georges responded to correspondence from Apple by denying he had done any wrong, but in the end saying that he would change the name of his app. He then changed the name to REEL CALLER.

16. Unfortunately changing the second "a" in REAL CALLER to an "e" to make REEL CALLER did not avoid the confusion since "real" is pronounced the same as "reel." The HEADIOS defendants also continued to use the words "real caller" as a key word combination in their listing in the Apple app store.

17. The HEADIOS defendants extended their acts of misappropriation of TALENT MOBILE's mark to social media, in particular facebook and twitter. One example is the wrongful use of the facebook page: facebook.com/reelcaller to spread their confusion.

18. In addition to all this, the HEADIOS defendants have been using the words "real caller" as a trademark in advertisements and as a key word combination online in connection with the app called PRO CALLER and in connection with the app called NUMBERBOUK, and by doing so they unlawfully divert Plaintiff's customers and potential customers to themselves.

19. Plaintiff has complained about the HEADIOS defendants infringing acts to Apple and other online providers of apps and social-media, and the HEADIOS defendants have merely just scuffed at Plaintiff's complaints.

20. The HEADIOS defendants have mocked Plaintiff's complaints made to Apple and other online providers of computer software services and social media providers, insulting Plaintiff along the way, meanwhile continuing to use Plaintiff's trademark as a key word and continuing to confuse consumers and obtain sales that should have gone to Plaintiff.

21. If the HEADIOS defendants are not stopped from marketing computer software products and services as REEL CALLER and/or REAL CALLER, and if they are not stopped from using real caller as a "keyword', or "reel caller" as a keyword, then consumers will likely be confused about the source and origin of defendants' products and services and mistakenly conclude that the HEADIOS defendants' products or services are produced by, or associated with Plaintiffs.

22. Alternatively, if the HEADIOS defendants are not stopped from marketing apps using the words "reel caller" or "real caller", and using real caller or reel caller as a keyword term, then consumers will likely be confused about the source and origin of Plaintiffs' products and services and mistakenly conclude that Plaintiffs' products or services are produced by, or associated with defendant.

## COUNT I
## VIOLATION OF LANHAM ACT 15 U.S.C. §1125(a)
## (Against the HEADIOS Defendants)

23. Plaintiff re-alleges the allegations in paragraphs 1 though 22.

24. The HEADIOS defendants are wrongfully using their financial resources to market and advertise competing apps using a sound-a-like trademark and the actual trademark as a keyword. Possibly, the HEADIOS defendants' resources exceed those of Plaintiffs. Besides the direct confusion resulting from the HEADIOS defendants' unlawful activity, Plaintiff is concerned the marketing and advertising efforts by the HEADIOS defendants are likely to mislead consumers to mistakenly believe that Plaintiff's goods and services may be unauthorized use of trademarks that defendant owns. Consumers are likely to be misled to believe that Plaintiff is misusing the REAL CALLER mark. As a result, Plaintiff's reputation and goodwill will be impaired.

25. Also, the HEADIOS defendants' uses of the words REAL CALLER and REEL CALLER as a mark and as a keyword so closely resembles Plaintiff's

REAL CALLER products and services that the public is likely to be confused and deceived, and to assume erroneously that the HEADIOS defendants' goods and services are those of Plaintiff, or that defendants are in some way connected with, sponsored by, or affiliated with Plaintiff, all to Plaintiff's detriment and irreparable damage.

26. Defendants are not affiliated with, connected with, endorsed by, or sponsored by Plaintiff, nor have Plaintiff approved or authorized any of the goods or services offered or sold by defendants.

27. Plaintiff has no control over the nature and quality of the goods and services offered and sold by defendants or its licensees. Any failure, neglect, or default by defendants or its licensees in providing such products or services will reflect adversely on Plaintiff as being the believed source of said failure, neglect, or default, thereby hampering Plaintiff's efforts to continue to protect its outstanding reputation and preventing Plaintiff from further building its reputation. Said failure, neglect, or default will result in loss of sales by Plaintiff, and loss of value of Plaintiff's considerable expenditures to promote its goods and services under the REAL CALLER mark, all to the irreparable harm of Plaintiff.

28. Without the knowledge or consent of Plaintiff, Defendants have marketed and sold in interstate commerce, and in commerce substantially affecting interstate commerce, products and services branded under the name REAL CALLER and the sound-a-like name REEL CALLER and continue to do so. Defendants have promoted, advertised, offered for sale, and/or sold, products and services using the REAL CALLER mark and the REEL CALLER sound-a-like mark through persons not authorized, employed by, or associated in any way with Plaintiff and have used the aforementioned trade name and trademark as false designation and false representation for computer software and/or telephone products and accessories.

29. None of the activities alleged in this complaint have been

6

authorized by Plaintiff, and such unauthorized use by Defendants of Plaintiff's trademarks and/or trade names in interstate commerce, commerce substantially affecting interstate commerce in this district, and elsewhere throughout the United States, constitutes infringement and an inducement to infringe Plaintiff's trademarks and/or trade names, and such activities are likely to cause confusion, mistakes, and to deceive the public at large.

30. Upon information and belief, Defendants have acted with the unlawful purpose of:

    a. Improperly taking advantage of the valuable goodwill belonging to Plaintiff;

    b. Soliciting Plaintiff's customers and/or potential customers, attempting to sell, and selling to such customers and potential customers, goods and services marketed under the REAL CALLER mark or sound-a-like REEL CALLER mark through persons not authorized by, employed by, or associated in any way with Plaintiff;

    c. Inducing others to infringe Plaintiff's trademarks and trade names; and

    d. Causing the goods of persons not authorized by, employed by, or associated in any way with Plaintiff to be falsely represented as if they were rendered, authorized, sponsored by, endorsed by, or otherwise connected with Plaintiff and its licensed trademarks and trade names.

31. Defendants' conduct, as alleged in this complaint, constitutes a violation of 15 U.S.C. § 1125(a).

32. If Defendants are allowed to continue marketing and selling the accused goods and services, Plaintiff will be damaged as alleged in this complaint, and the Defendants will profit thereby. Furthermore, unless the Court permanently

MACHAT & ASSOCIATES, P.C.
1875 Century Park East, Ste 700
Los Angeles, California 90067
Telephone: (310) 860-1833

enjoins Defendants' conduct as alleged in this complaint, Plaintiff's business, goodwill, and reputation will suffer irreparable injury of an insidious and continuing sort that cannot be adequately calculated and compensated in monetary damages.

33. Defendants' aforementioned acts and conduct are being done willfully and with an intent to ride on, and/or step on and demolish, the goodwill Plaintiff has worked hard to develop. Plaintiff is therefore entitled to treble damages arising therefore, as well as reimbursement of Plaintiff's attorneys' fees and costs.

34. The intentional nature of defendants' acts makes this an exceptional case under 15 U.S.C. §1117(a).

35. The intentional nature of defendant's acts and conduct makes this a case suitable for an award of Three Times Defendants' profits.

## COUNT II
## **VIOLATION OF LANHAM ACT 15 U.S.C. §1114**
### **(Against all defendants)**

36. Plaintiff repeats each allegation contained in paragraphs 1 through 35 as though set forth herein at length.

37. Defendants have engaged in, and continue to engage in, the wrongful exploitation of Plaintiff's registered marks.

38. Defendants' goods are so closely related to Plaintiff's goods that the public is likely to be confused, to be deceived, and to erroneously assume that Defendants' marketing and sale of their REAL CALLER or REEL CALLER sound-a-like branded goods and services, as packaged, advertised and promoted, are those of Plaintiff, or that Defendants are in some way connected with, sponsored by, or affiliated with Plaintiff, all to Plaintiff's detriment and irreparable damage.

39. Defendants are not affiliated with, connected with, endorsed by, or sponsored by Plaintiff. Furthermore, Plaintiff has not approved any of the goods or services offered or sold by the Defendants.

40. Defendants' aforesaid infringing conduct has been willful and with an intent to ride on, and/or step on and demolish, the goodwill Plaintiff has worked hard to develop. Defendants' aforesaid infringing conduct has been willful and with knowledge that the sale, marketing, advertisement, and promotion of their REEL CALLER sound-a-like App will doom the prospects of future commercial success of Plaintiff's REAL CALLER brand, including any expansion into other areas of commerce. Plaintiff is therefore entitled to treble damages arising therefrom, as well as reimbursement of Plaintiff's attorneys' fees and costs.

## COUNT III
## VIOLATION OF LANHAM ACT 15 U.S.C. §1125(d)  CYBERSQUATTING
### (Against all Defendant)

41. Plaintiff repeats each allegation contained in paragraphs 1 through 40 as though set forth herein at length.

42. The HEADIOS Defendants are using one of their various aliases as the domain registrant of record for the url: www.reelcaller.com which utilizes a sound-a-like version of Plaintiff's trademark REAL CALLER as a website.

43. The HEADIOS Defendants are unlawfully and in bad faith attempting to profit off the use of Plaintiff's REAL CALLER registered trademark by maintaining a website with the sound-a-like name www.reelcaller.com as a url and seeking traffic on the internet using that domain name and then sending the traffic to its own businesses.

44. The HEADIOS Defendants have never had any bona-fide good use of the term REAL CALLER nor REEL CALLER, could they since they are not the trademark owner. When consumers type in www.reelcaller.com in their url bar they

arrive at the HEADIOS Defendants' website which causes confusion amongst customers leading some customers to question Plaintiff's lawful business.

45. The HEADIOS Defendants are trying to profit off of Plaintiff's good will and business built up in the REAL CALLER mark and are using www.reelcaller.com in violation of 15 U.S.C. 1125 (d) and are liable to Plaintiff for damages.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1. That the Court adjudge and decree that Defendants have falsely designated the origin of certain goods and services as those of Plaintiff, have made and used false representations in connection with the sale, offering for sale, promotion and advertising of such goods and services, and have unfairly competed with Plaintiff at common law.

2. That the Court adjudge and decree that Defendants have infringed Plaintiff's registered REAL CALLER trademark.

3. That the Court adjudge and decree that Defendants have unlawfully cyber-squatted the use of Plaintiff's registered trademark REAL CALLER.

4. That the Court permanently enjoin Defendants, their agents, servants, employees, attorneys, and all persons acting in concert or participation with them, or with any of them from:

    a. Using REAL CALLER, or any other word or words which are similar to, or a colorable imitation of, or a sound-a-like version of, Plaintiffs' trade names and marks, such as REEL CALLER, either alone, as part of, or together with, any other word or words, trademark, service mark, trade name, or other business or commercial designation in connection with the sale, offering for

MACHAT & ASSOCIATES, P.C.
1875 Century Park East, Ste 700
Los Angeles, California 90067
Telephone: (310) 860-1833

        sale, advertising, and/or promotion of computer software or telephone products and accessories;

   b.  Selling, offering to sell, marketing, distributing, advertising and/or promoting any computer software or telephone products or services and accessories products, goods or services with the words REAL CALLER or REEL CALLER displayed on any product, packaging, advertising or promotional materials;

   c.  Representing directly or indirectly by words or conduct that any computer software or telephone related product, goods or services offered for sale, sold, promoted, or advertised by Defendants, is authorized, sponsored by, endorsed by, or otherwise connected with Plaintiff;

   d.  Aiding or abetting in unfair competition against Plaintiff;

   e.  Aiding or abetting in false advertising; and

   f.  Inducing others to engage in any of these aforementioned acts.

5. That the Court award an amount to be determined at trial but at least an amount equivalent to treble the amount of Defendants' illicit profits or Plaintiff's lost profits, whichever is greater.

6. That the Court award an amount to be determined at trial but at least an amount equal to the cost of prospective corrective advertising.

7. That the Court award Judgment against Defendants for the full costs of this action, including the attorney's fees reasonably incurred by Plaintiff.

8. That the Court instruct and order the domain register, GODADDY.COM, LLC, for the domain www.reelcaller.com to transfer the domain to Plaintiff.

9. That the Court order that Apple, Google, Microsoft, Facebook, and Twitter delete all of Defendants websites and apps bearing the name REEL CALLER and transfer all revenues owing to defendants to Plaintiff REAL

CALLER;

10. That the Court Order such other, further and different relief as the nature of this action may require and as the Court may deem just and proper.

11. That the Court retain jurisdiction of this action for the purpose of enabling Plaintiffs, in their discretion, to apply to this Court at any time for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement of compliance therewith, and/or for the punishment of any violation thereof.

Respectfully submitted,

MACHAT & ASSOCIATES, P.C.

Dated: March _9_, 2016    By:    *Michael Machat*

Michael Machat, Esq.

Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury on all issues raised by the Complaint.

Respectfully submitted,

MACHAT & ASSOCIATES, P.C.

Dated: March 9, 2016   By:   *Michael Machat*

Michael Machat, Esq.

Attorneys for Plaintiff